NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VERONICA COLE, as Administratix ad Prosequendum for the ESTATE OF MARTIN COLE-HAAG and VERONICA COLE, individually,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF OCEAN, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 17-3169 (BRM)(LHG)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are (1) Defendants County of Ocean ("Ocean County"), Warden Sandra Mueller ("Warden Mueller"), and Ocean County Department of Corrections' ("OCDC") (collectively, "Ocean Defendants") Motion for Summary Judgment in Lieu of an Answer (ECF No. 7) and (2) Defendant Correct Care Solutions, LLC's ("CCS"; with Ocean Defendants, "Defendants") Motion for Summary Judgment[1] (ECF No. 18). Plaintiff Veronica Cole ("Cole"), as Administratrix ad Prosequendum for the Estate of Martin Cole-Haag ("Cole-Haag") and

---

[1] CCS, which was known as ConMed Healthcare Management, Inc. at the time of the events giving rise to this case, titles its motion a "Motion to Dismiss Counts Five, Six, and Seven of Plaintiff's Complaint" but applies the summary judgment standard of Federal Rule of Civil Procedure 56 (CCS's Br. in Supp. of its Mot. for Summ. J. (ECF No. 18-4) at 3), and Cole's opposition also applies the summary judgment standard (ECF No. 20 at 1). The Court finds the parties treated CCS's motion as one for summary judgment notwithstanding its title. Therefore, Court need not convert a motion to dismiss into a motion for summary judgment, because the CCS, despite its motion's title, moves for summary judgment, giving notice of same to all parties. *See In re Rockefeller Ctr. Props., Inc. Securities Litig.*, 184 F.3d 280, 287-88 (3d Cir. 1999) (finding district courts must provide notice to the parties when converting a motion to dismiss into a motion for summary judgment).

1

individually, opposes both motions. (ECF Nos. 16 & 20.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Ocean Defendants' Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**, and CCS's Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

This civil rights and wrongful death lawsuit arises out of Cole-Haag's death of an apparent suicide when he was incarcerated in the Ocean County Jail ("OCJ"). (Compl. (ECF No. 1) ¶ 1.) Cole is the Administratrix of the Estate of her late son, Cole-Haag. (*Id.* ¶ 5.) On April 30, 2015, Belleville Police arrested Cole-Haag and took him to OCJ on a warrant from Toms River Township. (Ocean Ds.' Statement of Facts (ECF No. 7-3) ¶ 1; Pl.'s Resp. to Ocean Ds.' Statement of Facts (ECF No. 16) ¶ 1.) Ocean Defendants contend, during the booking process, Cole-Haag denied he suffered from any mental health problems or that he had every considered or attempted suicide. (ECF No. 7-3 ¶ 2.)

OCJ records show Cole-Haag was admitted to OCJ on April 30, 2015, and was examined by employees of CCS, which is "OCJ's contracted medical/mental health care provider." (ECF No. 7-3 ¶ 3; ECF No. 16 ¶ 3.) During the screening, Cole-Haag admitted to CCS employees that he abused alcohol, crack, and heroin. (ECF No. 7-3 ¶ 4; ECF No. 16 ¶ 4.) CCS employees also noted during the screening process that Cole-Haag had anxiety and depression. (ECF No. 7-3 ¶ 5; ECF No. 16 ¶ 5.) Due to the results of the screening, Cole-Haag was assigned to a medical step-down cell. (ECF No. 7-3 ¶ 6; ECF No. 16 ¶ 6.)

OCJ records state Cole-Haag was cleared for general population on May 1, 2015, with a notation that stated "no top bunk x & days." (ECF No. 7-3 ¶ 7; ECF No. 16 ¶ 7.) On the same day, Cole-Haag completed a medical request form stating he had severe depression and anxiety. (ECF

No. 7-3 ¶ 8; ECF No. 16 ¶ 8.) OCJ records indicate Cole-Haag submitted a sick call slip on or around May 3, 2015, which stated he was depressed and wanted to speak to someone in mental health but was "not suicidal or anything like that." (ECF No. 7-3 ¶ 9; ECF No. 16 ¶ 9.) OCJ records show, as a result of Cole-Haag's statements in the sick call slip, he was transferred back to a medical unit and placed in the alcohol and Benzodiazepine withdrawal monitoring program. (ECF No. 7-3 ¶ 10; ECF No. 16 ¶ 10.)

Ocean Defendants contend Cole-Haag was monitored for fourteen shifts from May 3 through May 7, 2015. (ECF No. 7-3 ¶ 11.) Ocean Defendants claim Cole-Haag said he felt depressed on May 3, 2015, and was referred to the mental health department. (*Id.*) On May 4, 2015, Cole-Haag met with mental health personnel due to feelings of anxiety and depression and reported he had stopped taking his medications because of his drug use. (ECF No. 7-3 ¶ 14; ECF No. 16 ¶ 14.) Ocean Defendants state Cole-Haag denied he was depressed for the remainder of the period he was monitored. (ECF No. 7-3 ¶ 11.) Ocean Defendants also contend Cole-Haag "denied thoughts of self-harm, feelings of helplessness/hopelessness, or any negative visits or phone calls with family or friends" during the remainder of the period he was observed for withdrawal. (ECF No. 7-3 ¶ 12.) OCJ records indicate Cole-Haag denied having suicidal or homicidal thoughts. (ECF No. 7-3 ¶ 15; ECF No. 16 ¶ 15.) After Cole-Haag completed the withdrawal observation, he was returned to a general population cell, where he committed suicide by hanging himself on May 10, 2015. (ECF No. 7-3 ¶ 17; ECF No. 16 ¶ 17.)[2]

Ocean Defendants claim HIPAA regulations prohibit corrections officers from receiving inmates' medical or mental health information. (ECF No. 7-3 ¶ 16.) Ocean Defendants further contend OCJ has a written suicide prevention policy in place, and that corrections officers are

---
[2] Cole admits only that Cole-Haag committed suicide by hanging on May 10, 2015.

periodically trained on suicide prevention. (ECF No. 7-3 ¶¶ 18-19.)

On May 5, 2017, Cole filed a seven-count Complaint in which she asserts claims in her capacity as an individual and as Administratrix for the Estate of Cole-Haag. (ECF No. 1.) She asserts: (1) a *Monell* claim, pursuant to 42 U.S.C. § 1983, against Ocean Defendants, alleging "policies and/or customs which caused the deprivation of [] Cole-Haag's constitutional rights" (Count I); (2) a claim against Ocean Defendants for violations of Cole-Haag's rights under the Eighth and Fourteenth Amendments (Count II); (3) a claim, pursuant to 42 U.S.C. § 1983, against Warden Mueller for supervisory liability (Count III); (4) a claim, pursuant to the New Jersey Civil Rights Act, N.J.S.A. 10:601, *et seq.*, against all Defendants, for violations of Cole Haag's rights under the United States and New Jersey constitutions (Count IV); (5) a wrongful death claim against all Defendants (Count V); (6) a survival action claim against all Defendants (Count VI); and (7) a negligence claim against all Defendants (Count VII). On March 24, 2015, Crown removed the case to this Court. (ECF No. 1.)

The 120-day deadline for Plaintiff to file an Affidavit of Merit expired on November 24, 2017. (CCS's Statement of Facts (ECF No. 18-5) ¶ 3; Pl.'s Resp. to CCS's Statement of Facts (ECF No. 20) ¶ 3.) As of December 12, 2017, Plaintiff had not filed an Affidavit of Merit. (ECF No. 18-5 ¶ 4; ECF No. 20 ¶ 3.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it

has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence

and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

Pursuant to Federal Rule of Civil Procedure 56(d),

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits to take discovery; or
>
> (3) issue any other appropriate order.

A party who submits an affidavit pursuant to Rule 56(d) must "specify[], for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Penn., Dep't of Pub Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139-40 (3d Cir. 1988)). If the nonmovant

> files an affidavit that addresses these three requirements with specificity, and especially when particular information, necessary to the successful opposition to summary judgment, is in the sole possession of the moving party, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course."

*Malouf v. Turner*, 814 F. Supp. 2d 454, 459 (D.N.J. 2011) (quoting *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984)). However, the nonmovant cannot defeat summary judgment by offering "[v]ague or general statements of what [it] hopes to gain through a delay for discovery." *Id.* at 459-60 (quoting *Hancock Indus. v. Schaffer*, 811 F.3d 225, 230 (3d Cir. 1987)).

### III. DECISION

#### A. Ocean Defendants' Motion for Summary Judgment

Ocean Defendants argue they are entitled to summary judgment because, generally, Cole has failed to establish a basis for any of the claims against Ocean Defendants. (Ocean Ds.' Br. in Supp. of their Mot. for Summ. J. (ECF No. 7-5) at 2-31.) The Court finds it would be premature to grant Ocean Defendants' Motion for Summary Judgment before Cole has had the opportunity to take any discovery. *See Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (quoting *Dowling*, 855 F.2d at 139) ("[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'").

Cole filed a Rule 56(d) affidavit, which identified "[1] what particular information is sought; [2] how, if uncovered, it would preclude summary judgment; and why [3] it has not previously been obtained." *Penn., Dep't of Pub Welfare*, 674 F.3d at 157 (quoting *Dowling*, 855 F.2d at 139-40). Cole seeks a variety of information, including: (1) depositions Warden Mueller and Captain Joseph Valenti ("Captain Valenti"), who conducted an internal affairs investigation of Cole-Haag's suicide; (2) the names of inmates who were interviewed during Captain Valenti's investigation, as well as the interviews themselves; (3) Rule 26 disclosures from Ocean Defendants; (4) cell block log books; and (5) photographs, recordings, medical records, and investigative findings of the internal affairs report. (Rule 56(d) Aff. (ECF No. 17-1) ¶¶ 12-14. As to how the information would preclude summary judgment, Cole argues the information could

7

show Cole-Haag "was not properly treated" and "that correction employees neglected [him] while he was in his cell and failed to recognize his suicidal ideations." (*Id.* ¶ 13.) Cole further contends "the cell block logs would prove the violation of both state and county jail policies in regard to checking on inmates in their cells." (*Id.*) Cole argues the information she seeks could disclose issues of fact because "it appears [Ocean Defendants] have cherry picked the investigative file to include documents which they claim favor their position in summary judgment." (*Id.* ¶ 14.) Lastly, Cole contends discovery could determine whether OCJ employees complied with OCDC's suicide prevention plan. (ECF No. 17 at 5.)

The Court finds Cole provides sufficient explanation as to why she has not yet obtained the information she seeks. First, there has been no discovery whatsoever in this case. (ECF No. 17-1 ¶¶ 6-7.) On July 21, 2015, Cole's attorney wrote to Captain Valenti and to the Ocean County Prosecutor's Office seeking all information related to the investigation of Cole-Haag's death, but he received no reply. (*Id.* ¶¶ 10-11.) Through counsel, Cole took the additional step of filing an application with Superior Court of New Jersey to preserve evidence pursuant to New Jersey Court Rule 4:11-1. (*Id.* ¶ 12.) On August 27, 2015, the Hon. Craig L. Wellerson, P.J.Cv. granted the application and ordered the preservation of evidence related to Cole-Haag's death, including log books, photographs, recordings, medical records, and investigative findings of the internal affairs report. (*Id.*) The Court finds Cole's inability to obtain the information she seeks was not her fault.

It is noteworthy the two prison suicide cases upon which Ocean Defendants rely, *Wargo v. Schuylkill Cty.*, 348 F. App'x 576 (3d Cir. 2009), were decided after discovery had taken place. "If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015 (citing *Doe*,

480 F.3d at 257).

The Court finds Cole is entitled to the discovery she seeks as detailed in her Rule 56(d) Affidavit. Therefore, Ocean Defendants Motion for Summary Judgment (ECF No. 7) is **DENIED WITHOUT PREJUDICE**. *See Smith v Director's Choice, LLP*, No. 15-18, 2018 WL 1509081, at *6 (D.N.J. Mar. 27, 2018) (citing *Celotex*, 477 U.S. at 326) (finding a premature motion for summary judgment can be denied pursuant to Rule 56(d))).

### B. CCS's Motion for Summary Judgment

CCS argues it is entitled to summary judgment as to Cole's claim for wrongful death (Count V), her survival claim (Count VI), and her negligence claim (Count VII), because she failed to file an affidavit of merit. (CCS's Br. in Supp. of their Mot. for Summ. J. (ECF No. 18-4) at 2.)

New Jersey's Affidavit of Merit Statute, N.J.S.A. 2A:53A-27, provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file an affidavit . . . upon a finding of good cause.

If a plaintiff has not provided an affidavit of merit within the required 120 days, "the plaintiff should expect that the complaint will be dismissed with prejudice provided the doctrines of substantial compliance and extraordinary circumstances do not apply." *Ferreira v. Rancocas Orthopedics Assocs.*, 836 A.2d 794, 785 (N.J. 2003) "What constitutes an 'extraordinary circumstance' is a fact-sensitive analysis." *Chamberlain v. Giampapa*, 210 F.3d 154, 162 (3d Cir. 2000 (citing *Hartsfield v. Fantini*, 685 A.2d 259 (1997)). The threshold for extraordinary

9

circumstances is not met when the failure to file an affidavit of merit was due to "an attorney's mere carelessness or lack of proper diligence." *Id.* (quoting *Hartsfield*, 685 A.2d at 264).

Here, the only issue is whether the lack of discovery in the case thus far constitutes extraordinary circumstances that excuse Cole's failure to provide the Affidavit of Merit. (*See* ECF No. 20 at 3.) The Court finds the standard for extraordinary circumstances has not been met. In a case decided after these motions were fully briefed, this Court held the extraordinary circumstances exception did not apply when a defendant failed to produce discovery, even when the defendant acted in violation of case management orders. *Douglas v. SBLM Architects*, No. 15-6436, 2018 WL 1981479, at *7 (D.N.J. Apr. 26, 2018). The Court distinguished the facts before it from those in *Aster ex rel. Garofalo v. Shoreline Behavioral Health*, 788 A.2d 821, 825 (N.J. Super. Ct. 2002). *Id.* In *Aster ex rel. Garofalo*, the Appellate Division reversed the trial court's dismissal of the plaintiff's claims for failure to serve an affidavit of merit. 788 A.2d at 828-29. The court held the failure to file the affidavit was excusable in view of the fact plaintiff, pursuant to N.J.S.A. 2A:53A-28, filed a sworn statement that the defendant withheld medical records that had a "substantial bearing on preparation of the affidavit." *Id.* at 829 (quoting N.J.S.A. 2A:53A-28). In *Douglas*, this Court found significance in the fact that the plaintiff did not file or request leave to file a sworn statement in lieu of the affidavit of merit. 2018 WL 1981479 at *7.

Here, Cole did not file a statement in lieu of the Affidavit of Merit. Cole argues Ocean Defendants' filing of their Motion for Summary Judgment disrupted the course a lawsuit would typically take. (ECF No. 20 at 4.) However, Cole does not indicate she attempted to obtain Cole-Haag's medical records from CCS or that she attempted to prosecute her claims against CCS in any in the roughly four months between when Ocean Defendants' Motion for Summary Judgment was fully briefed and CCS's Motion for Summary Judgment was filed. (*See* ECF Nos. 17 & 18.)

Furthermore, Ocean Defendants attached medical records to their Motion for Summary Judgment. Cole does not indicate she attempted to have a medical professional review those records in order to prepare an Affidavit of Merit.

The Court finds there are no extraordinary circumstances to justify Cole's failure to file an Affidavit of Merit or statement in lieu thereof. Therefore, CCS's Motion for Summary Judgment (ECF No. 18) is **GRANTED**. Counts V, VI, and VII are **DISMISSED WITH PREJUDICE** as to CCS.

### IV.     CONCLUSION

For the foregoing reasons, Ocean Defendants' Motion for Summary Judgment (ECF No. 7) is **DENIED WITHOUT PREJUDICE**, and CCS's Motion for Summary Judgment (ECF No. 18) is **GRANTED**. Counts V, VI, and VII are **DISMISSED WITH PREJUDICE** as to CCS. An appropriate Order will follow.

**Date: June 11, 2018**                                    */s/ Brian R. Martinotti*
                                                          **HON. BRIAN R. MARTINOTTI**
                                                          **UNITED STATES DISTRICT JUDGE**